# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9696 | **DATE** | 07/24/2002 |
| **CASE TITLE** | Patrick L. Costello and Linda H. Montoya-Costello vs. Ira Bodenstein, United States Trustee | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the Bankruptcy Court's decision is affirmed. [Doc.#s 1,2] This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 7 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| Patrick L. Costello and <br> Linda H. Montoya-Costello, <br>       Appellants, <br>       v. <br> Ira Bodenstein, United States Trustee <br> for the Northern District of Illinois Appelle, <br>       Appellee. | U.S.B.C. No. 01 B 21528 <br><br> U.S.D.C. No. 01 CV 9696 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is the United States Trustee's motion to dismiss a Bankruptcy Appeal brought by appellants Patrick L. Costello ("P.Costello") and Linda H. Montoya-Costello (L.Costello) (collectively "the Costellos" or "Debtors"). For the following reasons the Bankruptcy Court's decision is affirmed.

### Statement Of The Basis Of Appellate Jurisdiction

The Court has jurisdiction to determine this bankruptcy appeal pursuant to Title 28, Section 158(a)(1) of the United States Code.

### Statement of the Issues Presented

The sole issue is whether the bankruptcy court erred in dismissing the Debtors' bankruptcy case as a substantial abuse of the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 707(b).

### Applicable Standard of Review

1

The applicable standard of review with respect to conclusions of law is *de novo*. Ajello v. Providian Financial Corp. 257 B.R. 245,248 (N.D. Ill. 2000). The bankruptcy court's findings of fact should not be set aside unless they are found by this Court to be clearly erroneous. Id., Fed.R.Bank.P. 8013. "A finding of fact is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." A jello, 257 F.2d at 248, citing, United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

### Statement of the Case

P.Costello and L.Costello, husband and wife, filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of Illinois on June 18, 2001 and on August 29, 2001 filed amended schedules. Appellants' Designation Of Items To Be Included In The Record On Appeal (hereafter"Designation"), items A, B (Bankruptcy Docket Its 1, 4-5). On September 14, 2001 the United States Trustee filed a motion to dismiss their case as a substantial abuse of the provisions of Chapter 7 of the Bankruptcy Code. Designation, item C (Bankruptcy Docket # 16). The Debtors filed their response to that motion on October 12, 2001. Designation, item D (Bankruptcy Docket # 21). On November 1, 2001 the bankruptcy court conducted an evidentiary hearing on the motion. At the conclusion of the hearing the court orally stated its reasons for granting the United States Trustee's motion and entered an order dismissing the Debtors' case. Designation, item E (Bankruptcy Docket # 22). On November 9, 2001 Debtors filed their timely notice of appeal. Designation, item G (Bankruptcy Docket # 24).

### Statement of Facts

On June 18, 2001, the P.Costello and L.Costello, husband and wife, voluntarily filed for relief pursuant to Chapter 7 of the Bankruptcy Code. The Costellos included on Schedule B, two (2) 2001 Ford Expedition motor vehicles (only one of which was claimed to have any value), and approximately $40,000.00 of unsecured debt on credit cards. The Costellos claimed exemptions on these vehicles pursuant to section 12-1001(c) of the Illinois Code of Civil Procedure [735 ILCS 5/12-1001(c)]. The Costellos' excess combined monthly income after payment of expenses amounts to $626.75.

On September 14, 2001, the Untied States Trustee filed its Motion to Dismiss Chapter 7 Case, arguing that "if the Debtors did not drive high end SUVs, they would be able to repay unsecured creditors under Chapter 13 of the Bankruptcy Code." The Debtors timely filed their Response, and a hearing by the bankruptcy court was conducted on the Trustee's Motion to Dismiss on November 1, 2001.

At the hearing on the Trustee's Motion to Dismiss, the Costellos presented evidence explaining the circumstances surrounding the purchase of the 2001 Ford Expedition motor vehicles. P.Costello testified that immediately prior to February 2001, he and his wife owned two 1998 Ford Expedition motor vehicles which required a combined payment of $1,165.00 per month at a rate of 6.9% interest per annum. Prior to owning the 1998 Ford Expeditions, the Costellos each drove Lincoln Town Cars. P.Costello testified that he needed the size of the Ford Expedition, as it was the only car offered by Ford that would comfortably accommodate his six foot, 290 lbs. figure. L.Costello did not offer an explanation as to why she needed a large car.

The Costellos stated that in February 2001, a few months before they filed for bankruptcy under chapter 7, they traded in their 1998 automobiles for 2001 models of the same vehicle

3

resulting in a total payment of $1,365.00 per month at a reduced interest rate of 2.9% per annum This resulted in a combined payment of an additional $200.00 per month more than what the Debtors were previously paying for their motor vehicles. At the time that the Debtors' current vehicles were purchased, the Costellos were paying between $1,500.00 and $2,000.00 per month toward their accrued credit card debt, and were making their monthly mortgage payments on their personal residence.

A few months later in the Spring of 2001, the Debtors' lender AJ Smith sold the Costello's mortgage to Countrywide Mortgage Company ("Countrywide"). Upon the purchase of the Costello's mortgage, Countrywide insisted that the Costellos make an immediate lumpsum payment of the accrued late payments. Subsequently, the Costellos filed for bankruptcy. Notwithstanding bankruptcy, however, the Costellos had the intention of keep both cars.

## Discussion

The United States trustee argues that the bankruptcy court properly dismissed the Costello's case as substantial abuse of the provision of chapter 7 of the Bankruptcy Code. This court agrees.

I.  Section 707(b)

Appellants argue that the bankruptcy court erred in finding substantial abuse because it did not consider whether the debtors would have been able to meet their obligations without difficulty as those debts became due, as required by the "totality of the circumstances" analysis. In this court's opinion, the bankruptcy court properly applied the "totality of the circumstances" standard.

Section 707(b) of the Bankruptcy Code provides in pertinent part:

4

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b). Section 707(b) was included in the Bankruptcy Code in June 1984, allowing for the dismissal of a Chapter 7 case if granting relief would be a "substantial abuse of the provisions of Chapter 7". Congress chose not define "substantial abuse" in section 707(b), thereby establishing a flexible standard.

While neither the Seventh Circuit nor this court has decided a case involving "substantial abuse" under section 707(b), several appellate courts have adopted a "totality of the circumstances" analysis, a test whereby the debtor's ability to repay debts as well as several factors are taken into consideration. See In re Stewart, 175 F.3d 796 (10th Cir. 1999); In re Lamanna, 153 F.3d 1 (1st Cir. 1998); In re Green, 934 F.2d 568, 570 (4th Cir.1991); In re Krohn, 886 F.2d 123, 125-26 (6th Cir.1989); In re Walton, 866 F.2d 981, 983 (8th Cir.1989); In re Kelly, 841 F.2d 908, 914 (9th Cir.1988). Courts disagree, however, over whether a debtor's ability to repay his debts may alone be a basis for dismissal.

The Fourth Circuit has enumerated several factors to be considered in the "substantial abuse" inquiry. These include (1) whether the debtor has the ability to repay; (2) whether the petition was filed "because of sudden illness, calamity, disability, or unemployment"; (3) whether the debtor "incurred cash advances and made consumer purchases far in excess of his ability to pay"; (4) whether the debtor's "proposed family budget is excessive or unreasonable"; (5) whether the debtor's schedules and statement of current income and expenses "reasonably and

5

accurately reflects his true financial condition"; and (6) whether the petition "was filed in good faith." In re Green, 934 F.2d 568, 572 (4th Cir. 1991).

In addition, the Fourth Circuit stated that "nowhere in the [Bankruptcy] Code is there a requirement that a debtor be insolvent in order to file for bankruptcy" and therefore "solvency alone is not a sufficient basis for a finding that the debtor has in fact substantially abused the provisions of Chapter 7." Id.

The Sixth Circuit has also offered a nonexclusive list of similar factors: "the debtor's good faith and candor in filing schedules and other documents, whether he has engaged in 'eve of bankruptcy purchases,' and whether he was forced into Chapter 7 by unforeseen or catastrophic events." In re Kohn, 886 F.2d 123, 126 (6th Cir. 1989). These factors are comparable to factors (2), (3), (4), and (6) under In re Green. In contrast to the Fourth Circuit, however, the Sixth Circuit found that a "debtor's ability to repay his debts out of future earnings . . . alone may be sufficient to warrant dismissal." Id. at 126. The Court further stated that "a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease." Id.

More recently, the First and Tenth Circuits have also adopted versions of the "totality of the circumstances" test. In re Lamanna, 153 F.3d 1, 3-5 (1st Cir. 1998); In re Stewart, 175 F.3rd 796, 808-10 (10th Cir. 1999). According to the Stewart court, "while we agree ability to pay is a primary factor in determining whether 'substantial abuse' occurred, we believe other relevant or contributing factors, such as unique hardships, must also be examined before dismissing a Chapter 7 petition. Conversely, where an inability to pay exists, we believe other factors may nevertheless establish substantial abuse. We recognize the factors articulated by the other courts

6

as instructive, but conclude they are not inclusive of all factors considered. A substantial-abuse analysis must be made on a case-by-case basis." Id. at 809.

Five of six courts of appeals to address the "substantial abuse" standard agree that the "primary" or "principal" factor is the debtor's ability to repay his debts. In re Stewart, 175 F.3d at 809; In re Lamanna, 153 F.3d at 5; In re Green, 934 F.2d at 572; In re Krohn, 886 F.2d at 126; In re Walton, 866 F.2d at 984; In re Kelly, 841 F.2d 908, 914 (9th Cir. 1988). These same five circuits have concluded that an ability to repay debts, standing alone, may suffice even though other factors may also be relevant. See, e.g., United States Trustee v. Harris, 960 F.2d 74, 77 (8th Cir. 1992)(ability to fund chapter 13 plan sufficient, although court may "'take the petitioner's good faith and unique hardships into consideration'"); In re Krohn, 886 F.2d at 126 (ability to repay sufficient, at least when debtor has ability to repay "with relative ease"); In re Kelly, 841 F.2d at 915 (ability to repay sufficient for dismissal under section 707(b), but inability to repay will not preclude dismissal if bad faith is otherwise shown).

In this case, the Bankruptcy Court judge correctly analyzed "substantial abuse" by employing a "totality of the circumstances" test. The Court considered the argument and the testimony and concluded:

> Based on the totality of the circumstances which is that debtors purchased vehicles that are over $70,000 and they made a decision when they were faced with the problem to retain those vehicles, [to] discharge all their debts.
> You say they're not preferring creditors one over the other; but, in fact, they are. They are preferring car creditor over their unsecured creditors. And that's the basis of my decision.

Appellants argue that the Bankruptcy Court did not explicitly apply the "totality of circumstances" adopted by the Fourth Circuit in In re Green, and followed by the Bankruptcy

7

Court in <u>In re James C. Balaja</u>, 190 B.R. 335, 337 (N.D. Ill. 1996), and therefore it analyzed the presence of substantial abuse incorrectly. The Bankruptcy Court in this case, however, was not required to explicitly follow analysis of the Fourth Circuit or the <u>In re James C. Balaja</u> court, let alone reach similar conclusions. The Costello Bankruptcy Court, in fact, did apply a "totality of the circumstances" standard. The Court was not bound by a specific formula within that test. Consequently, as the Appellants have not demonstrated clear error by the Bankruptcy with respect to the facts, they are not entitled to a reversal simply because they do not agree with the outcome of the Bankruptcy Court's analysis.

## Conclusion

For the foregoing reasons, the Bankruptcy Court's decision is affirmed.

**Enter:**

**David H. Coar**

**United States District Judge**

**Dated:** July 24, 2002